Timothy B. Strauch
Paul J. Petit
**PETIT, HOCK & STRAUCH PLLP**
P.O. Box 8718
111 N. Higgins Ave., Suite 400
Missoula, MT 59807
(406) 532-2600
Fax: (406) 532-2601
tstrauch@phsmt.com
pjpetit@phsmt.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| CAPITAL RADIOLOGY, PLLC, a Montana Professional Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> ST. PETER'S HOSPITAL, a Montana Public Benefit Corporation, and MONTANA INTERVENTIONAL AND DIAGNOSTIC RADIOLOGY SPECIALISTS, PLLC, a Montana Professional Limited Liability Company, <br><br> Defendants. | CAUSE NO. CV 07-17-H-DWM <br><br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Capital Radiology, PLLC ("Capital Radiology") for its Complaint

against St. Peter's Hospital ("SPH") and Montana Interventional and Diagnostic

Radiology Specialists, PLLC ("Radiology Specialists") alleges as follows:

## Jurisdiction and Venue

1.    This complaint is filed and this action instituted under Sections 4 and 16 of the

      Clayton Act,15 U.S.C. §§ 15 and 26, to recover damages for injuries to Capital

      Radiology's business and property by reason of violations by Defendants of

      Section 1 of the Sherman Act, 15 U.S.C. § 1, and to enjoin Defendants from

      continuing to commit such violations in the future.

2.    The action also arises under the unfair competition and common laws of the State

      of Montana including Mont. Code Ann. §§ 30-14-103 and 30-14-205.

3.    Jurisdiction of this Court is proper under 15 U.S.C. §§ 15 and 26, 28 U.S.C. §§

      1331 and 1337, and the doctrine of pendent jurisdiction.

4.    Venue is proper in this judicial district because Defendants are found, reside and

      do business within the District of Montana within the meaning of 28 U.S.C. §§

      1391(b) and 1391(c).

5.    This case is properly assigned to the Helena Division pursuant to Rule 105-3a of

      the Rules of the United States District Court for the District of Montana as venue

      of this case, if brought in a court of the State of Montana, would be proper in

      Lewis and Clark County, which is within the Helena Division.

## Parties

6.    Capital Radiology is a professional limited liability company organized and

      existing under the laws of the State of Montana which, through its members and

      employees, is engaged in the practice of medicine, limiting its activities to the

practice of radiology. Capital Radiology engages in the business and practice of radiology in the State of Montana and elsewhere.

7. SPH is a public benefit corporation with members organized and existing under the laws of the State of Montana. SPH owns and operates a hospital facility in Helena, Montana known as "St. Peter's Hospital" located at 2475 Broadway.

8. Radiology Specialists is a professional limited liability company organized and existing under the laws of the State of Montana which, through its members and employees, is engaged in the practice of medicine, limiting its activities to the practice of radiology. Radiology Specialists engages in the business and practice of radiology in Helena, Montana.

**Trade and Commerce**

9. The activities of SPH in operating its St. Peter's Hospital and the activities of Radiology Specialists in providing radiological services to patients as referred by SPH, are in the regular, continuous, and substantial flow of interstate commerce and have a substantial effect on interstate commerce.

10. Some health care insurers and health benefit programs, including the Medicare and Medicaid programs, remit substantial payments across state lines to Defendants with respect to patient care services described in this Complaint.

11. Health care insurers' payments to Defendants affect the premiums those insurers charge for health care services to firms that sell products and services in interstate commerce. The premiums those health care insurers charge firms for

coverage of their employees represent a cost of production for those firms and therefore affect the prices those firms charge for products and services that are sold in interstate commerce.

12.   Thus, Defendants and the acts of Defendants described in this Complaint, have had and continue to have a substantial effect on interstate trade and commerce, and have unreasonably restrained and continue to restrain, interstate trade and commerce.

## Facts Common to All Counts

13.   Beginning in 1994, Daniel Alzheimer, M.D. ("Alzheimer"),  Dennis Palmer , M.D. ("Palmer") and Randy Sibbitt, M.D. ("Sibbitt")  practiced radiology as members of Montana Radiology, PLLC ("Montana Radiology"), a professional limited liability company organized and previously existing under the laws of the State of Montana.  Montana Radiology provided services to SPH on a fee for service basis and had no contract with SPH.

14.   SPH has and exercises monopoly power in, and effectively controls, the market for the provision of radiological services to patients in Helena, Montana ("the Helena radiology services market", as it possesses a market share in excess of 90% of the patients who are in need of radiological services in the Helena area ("radiology referrals").

15.   In the summer of 2003, Alzheimer rejected SPH's solicitations for him to leave Montana Radiology.

16.     Subsequently, SPH commenced a continuing course of conspiratorial conduct with Sibbitt and Palmer and their business entity for the purpose of excluding Alzheimer and his business entity from the Helena radiology services market, and destroying competition in the Helena radiology services market.  In furtherance thereof, SPH, Sibbitt and Palmer engaged in secret meetings, actively recruited another physician to replace Alzheimer, and encouraged disharmony among the members of Montana Radiology.

17.     In November of 2003, Alzheimer elected to dissociate from Montana Radiology. Immediately thereafter, Alzheimer established Capital Radiology.

18.     Alzheimer was and is a member of Capital Radiology, is a board-certified Radiologist, and is licensed to practice medicine in the State of Montana.

19.     Sibbitt and Palmer continued to operate Montana Radiology in competition with Capital Radiology until on or about February 9, 2004, when they elected to dissolve Montana Radiology and form Radiology Specialists.

20.     Capital Radiology and Montana Radiology and then Capital Radiology and Radiology Specialists competed with each other in the Helena radiology services market.

21.     From December 28, 2003, until on or about February 9, 2004, Capital Radiology and Montana Radiology competed for the business of SPH in radiology referrals and competed in and for the Helena radiology services market.

22.     From on or about February 10, 2004, until June 11, 2004, Capital Radiology and

Radiology Specialists competed for the business of SPH in radiology referrals and competed in and for the Helena radiology services market.

23.     During both periods, SPH continued in its course of conspiratorial conduct with Sibbitt and Palmer and their business entities to unlawfully and unreasonably restrain Capital Radiology's ability to compete in the Helena radiology services market.  As part of this conduct, SPH devised several different systems to distribute radiology referrals to the competing radiologist entities.

24.     As administered by SPH, these systems resulted in an inequitable distribution of work and billing opportunity, with Capital Radiology being provided fewer referrals and thus billing opportunities and revenues out of proportion with the amount of on-call time and work actually performed.  As part of these increasingly restrictive systems, SPH ultimately disallowed and refused to honor requests from its employee and staff physicians to designate Capital Radiology as the recipient of specific radiology referrals, even though several physicians had made such requests and designations.

25.     As a result of the same conspiratorial conduct as alleged, SPH enabled Radiology Specialists to recruit other physicians to meet the radiology services market demands, while at the same time eliminating Capital Radiology's ability to recruit additional physicians and compete in the Helena radiology services market.

26.     This inequitable distribution of work and billing opportunity restrained and

ultimately effectively eliminated Capital Radiology's ability to compete with Radiology Specialists in the Helena radiology services market.

27.     As a result of the anti-competitive conduct described herein, Capital Radiology temporarily withdrew from the Helena radiology services market in June, 2004. For this reason, on June 11, 2004, Alzheimer requested and was granted a leave of absence from his medical staff position at SPH.

28.     In October, 2005, Capital Radiology advised SPH of its intent to re-enter the Helena radiology services market and requested the ability to resume providing radiology services to SPH and its patients.  Alzheimer also applied to SPH for reinstatement of his hospital privileges.

29.     On information and belief, after that application, in late 2005, SPH entered into a contract with Radiology Specialists.  On information and belief, this contract provides Radiology Specialists an exclusive right to perform radiological services at SPH and effectively prohibits any other radiologist from working at the Hospital.

30.     The effect of the exclusive contract is to direct all radiology referrals in the Helena radiology services market, of which SPH has a monopoly share, to Radiology Specialists.

31.     The effect of the exclusive contract, in furtherance of the anti-competitive conduct described herein, was to bar Capital Radiology from doing business in the Helena radiology services market and destroy competition in that market.

**COMPLAINT AND JURY DEMAND**                                                    **PAGE 7**

32. On March 1, 2006, SPH denied Alzheimer's application for hospital privileges based solely on its exclusive contract with Radiology Specialists.  On information and belief, the denial of Alzheimer's privileges was not required under the terms of SPH's exclusive contract with Radiology Specialists.

33. The effect of the denial of hospital privileges for Alzheimer was a refusal by SPH to deal with Capital Radiology based solely on SPH's exclusive contract with Radiology Specialists.

34. On information and belief, the conduct of SPH described above was a result of a conspiracy between, and taken in combination with, Radiology Specialists, for the purpose of destroying the business of Capital Radiology and excluding Capital Radiology, and all other potential competitors, from the Helena radiology services market, thus destroying competition in the Helena radiology services market.

35. The exclusive contact between SPH and Radiology Specialists, and the combination and conspiracy between SPH and Radiology Specialists to exclude Capital Radiology from the Helena radiology services market constitutes a group boycott or concerted refusal to deal which is a *per se* violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

36. The exclusive contact between SPH and Radiology Specialists, and the combination and conspiracy between SPH and Radiology Specialists to exclude Capital Radiology from the Helena radiology services market constitutes an

unreasonable restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

## Count I
**(Unreasonable Restraint of Trade in Violation of § 1 of the Sherman Act)**

37.　Defendants engaged in a contract, combination and conspiracy in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. This unlawful contract, combination and conspiracy may be renewed unless the injunctive relief prayed for herein is granted.

38.　The aforesaid contract, combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendants to exclude Capital Radiology from the Helena radiology services market.

39.　As a result of Defendants' violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, Capital Radiology has been injured, and continues to be injured, in its business and property by and through lost profits in an amount to be proven at trial.

## Count II
**(Violation of Montana Unfair Trade Practices Act)**

40.　The actions of Defendants in restraint of trade as aforesaid have denied Capital Radiology the right to freely compete for and perform radiological services in the Helena radiology services market by denying Capital Radiology referrals and the opportunity to provide radiological services in said market. Such actions unreasonably and unlawfully restrained Capital Radiology from competing in

the Helena radiology services market.

41.     The exclusive contact between SPH and Radiology Specialists has the purpose

and effect of unreasonably and unlawfully restraining Capital Radiology from

competing in the Helena radiology services market.

42.     Such actions of Defendants as aforesaid constitute a violation of Montana law,

including Mont. Code Ann. §§ 30-14-103 and 30-14-205, which prohibit

unreasonable restraints of trade and unfair methods of competition.

43.     As a result of one or more of the foregoing actions of Defendants, Plaintiff has

suffered and continues to suffer severe irreparable loss and damages in an

amount to be determined at trial.

**Count III**
**(Punitive Damages Under Montana Law)**

44.     By their conduct as described above, Defendants acted with knowledge of and

with intentional disregard for facts that created a high probability of injury to

Plaintiff, and deliberately proceeded to act with indifference to that high

probability of injury.  Plaintiff is therefore entitled to punitive damages under

Montana law.

//

**Prayer for Relief**

WHEREFORE, Capital Radiology respectfully requests that this Court:

a.    Adjudge and decree that Defendants have entered into an unlawful combination and conspiracy in unreasonable restraint of interstate trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

b.    Adjudge and decree that Defendants have engaged in an unreasonable restraint of trade in violation of § 30-14-205 and an unfair method of competition in violation of § 30-14-103, Mont. Code Ann.;

c.    Enjoin and restrain Defendants from engaging in the unlawful practices described in the Complaint, including an injunction against the performance or enforcement of the exclusive contract between SPH and Radiology Specialists;

d.    Enter Judgment in Plaintiff's favor against Defendants for money damages sustained by Plaintiff in an amount to be proved at trial;

e.    Award Capital Radiology treble its monetary damages in the amount to be proven at trial pursuant to 15 U.S.C. § 15;

f.    Award Capital Radiology its reasonable costs including attorneys' fees pursuant to 15 U.S.C. § 15;

g.    Enter Judgment in Plaintiff's favor against Defendants for punitive damages in an amount to be proved at trial; and

h.    Grant such other and further relief as this case may warrant and Court

deems to be just and proper under the circumstances.

DATED this 23rd day of March, 2007.

/s/ Timothy B. Strauch

_____

Timothy B. Strauch
**PETIT, HOCK & STRAUCH, PLLP**
One of the Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable by a jury.

DATED this 23rd day of March, 2007.

/s/ Timothy B. Strauch

_____

Timothy B. Strauch
**PETIT, HOCK & STRAUCH, PLLP**
One of the Attorneys for Plaintiffs

K:\CLIENT\Capital Radiology\Pleadings\WP\070322 Complaint final.wpd